UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LEON E. REYES ARIZMENDI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No.  25 C 13041 |
| ) | |
| **KRISTI NOEM, Secretary, U.S. Department** ) | Judge Rebecca R. Pallmeyer |
| **of Homeland Security; SAMUEL OLSON,** ) | |
| **Field Office Director of Enforcement;** ) | |
| **and Removal Operations, Chicago Field** ) | |
| **Office, Immigration and Customs** ) | |
| **Enforcement; and PAMELA BONDI, U.S.** ) | |
| **Attorney General** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

The government is directed to respond to Arizmendi's habeas corpus petition by October 30, 2025; reply is due November 3, 2025.  Respondent shall make a preliminary filing by October 29, 2025 concerning Petitioner's location at the time this case was filed; Petitioner's current location, if different, and the correct respondent based on that location; the status of any immigration proceedings relating to Petitioner; and a statement of the effect, if any, on this case of Judge Cummings's ruling in *Castañon Nava v. DHS*, No. 18 C 3757 (N.D. Ill) (Dkt. 214).  Respondent is barred from removing Arizmendi from the jurisdiction of the United States and, if he is now in Illinois, Indiana, or Wisconsin, is directed not to remove him to any federal judicial district outside those three states.  The Clerk shall email a copy of this order to Attorneys Tom Walsh, Craig Oswald, and Joshua Press in the office of the United States Attorney, Northern District of Illinois.  This case is set for an in-person status hearing on Thursday, October 30, 2025 at 11:00 a.m. in Courtroom 2503.  In light of exigent circumstances, this action will not be stayed pursuant to Amended General Order 25-0024.

## STATEMENT

Reyes Arizmendi has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his detention in ICE custody.  Respondent is ordered to respond to the habeas corpus petition by Thursday, October 30, 2025; Petitioner shall reply by Monday, November 3, 2025.  The parties are encouraged to review rulings in similar cases by other judges in this district, including *Ochoa Ochoa v. Noem*, No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025) (Jenkins, J.), *H.G.V.U. v. Smith*, No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2020) (Coleman, J.), *Mariano Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025) (Alonso, J.), and *G.Z.T. v. Smith*, No. 25 C 12802 (N.D. Ill. Oct. 21, 2025) (Ellis, J.).

In addition to her response to the petition, the court directs Respondent to make a preliminary filing no later than Wednesday, November 29, 2025 stating: (1) whether Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of Petitioner's immigration proceedings; (3) Petitioner's current location and proper respondent

based on that location; and (4) the government's view as to whether the recent decision in *Castañon Nava v. DHS*, No. 18 C 3757 (N.D. Ill) (Dkt. 214) (addressing a consent decree) has any effect on Petitioner's habeas corpus case.

Pursuant to the court's authority under the All Writs Act, 28 U.S.C. § 1651, the Government is ordered not to remove Petitioner Arizmendi from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (per curiam) (citing 28 U.S.C. § 1651(a)) (recognizing the court's power to preserve jurisdiction over cases before it); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.") If Petitioner Arizmendi is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require Arizmendi's immediate return, but only as long as Respondent intends to hold Petitioner within the United States. Instead, the parties and the court will address the issue after the Respondent makes the preliminary filing.

The Clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois; Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois; and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois. This case is set for an in-person status hearing on Thursday, October 30, 2025 at 11:00 a.m., in Courtroom 2503.

ENTER:

Dated: October 27, 2025

REBECCA R. PALLMEYER
United States District Judge